# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SOMMERHALDER, | CASE NO. 1:11-cv-00259 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| M. WILSON, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Sierra Conservation Center at Jamestown (SCC), brings this civil rights action against correctional officials employed by the CDCR at SCC. Plaintiff names the following individual defendants: Sergeant M. Wilson; Correctional Officer s (C/O) Does one through three; N. Miles; R. Turner; J. St. Clair, M.D.; C. Muehldorf; P. Bolles; Dr. Krpan, M.D.; Dr. Henry; Chief Deputy Warden W. Miller; Warden F. Chavez; Dr. Smith, M.D.

On August 11, 2009, Plaintiff was transported from SCC to an outside hospital. Plaintiff was transported in a CDCR van. Plaintiff was placed in leg chains, a waist chain and handcuffs. Once in the van, Plaintiff became aware of something slippery on the van floor. Upon arrival at the hospital, Plaintiff, along with another inmate, was ordered to exit the van. Plaintiff alleges that, contrary to protocol and policy, none of the officers present helped him exit the van. As he exited the van, Plaintiff slipped and fell, "landed on his head and neck, and hurt his arm and leg and was knocked unconscious." Plaintiff alleges that he regained consciousness, and was "helped to his feet and made to walk" into the hospital. Plaintiff alleges that the physical therapist "declined to give Plaintiff his normal treatments and tried to ease Plaintiff's severe discomfort." Plaintiff alleges that

"the officers" failed in their duty to Plaintiff.[1]

Plaintiff alleges that he heard an eye witness (the sergeant or one of the other Doe officers) state: "Did they clean the van with Armor All I told them not to." Plaintiff contends that this indicates that Defendant Turner, responsible for vehicle maintenance, was instructed prior to this incident not to put "slippery stuff" inside the van.

Plaintiff alleges that he was given "absolutely no medical care, nor examined to determine if there were any significant injuries." Plaintiff alleges that upon his return to SCC, he was seen by Defendant Miles, a nurse, but was not seen by a physician. Plaintiff alleges that his head was not checked, although he suffered from head trauma.

On August 31, 2009, Plaintiff was seen by Dr. St. Clair. Plaintiff alleges that "the only thing Dr. St. Clair did was tell plaintiff to continue physical therapy. Still plaintiff's head was not checked, and for that matter neither was his back." Plaintiff alleges that "because it was as if the institutional medical staff were afraid they might find something seriously wrong, an X-ray was not even ordered until 10-20-09 by Dr. Krpan. The X-rays revealed "degenerative changes and pseudo-spondylolistheses (forward dislocation of vertebra) lf L4-L5, with disk space narrowing." On December 11, 2009, Dr. Henry examined Plaintiff and ordered an EMG of Plaintiff's lower extremities and a CT scan. Dr. Henry also recommended that Plaintiff receive an injection for his pain.

Plaintiff suffers daily from pain. Referring to defendants in general, Plaintiff alleges that "by their own records plaintiff was knocked unconscious yet no one has looked at either his neck or head." Plaintiff alleges that he suffers from permanent injuries that were not present prior to the incident at issue.

---

[1] Plaintiff cites California Government Code § 845.6: Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 844.6.

3

Plaintiff filed an inmate grievance regarding the slip and fall incident. In his written response, Chief Deputy Warden W. Miller indicated that no-slip strips should have been placed on the van steps, and personnel were "updated" on the policy of providing assistance to inmates entering and exiting the van. Plaintiff alleges that the policy was not followed.

**A.    Slip and Fall**

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

Here, Plaintiff has failed to allege facts indicating that an objectively serious risk to Plaintiff existed, that each individual defendant was aware of that risk, and acted with deliberate indifference to that risk. Plaintiff clearly alleges that there was a slippery floor on the van, but fails to allege any facts indicating that any of the defendants knew of the risk. Plaintiff's allegations sound in negligence.

Regarding whether defendants should have known of the risk, the Ninth Circuit found that it was not clearly established that a single defective device, without any other conditions contributing to the threat of an inmate's safety, created an objectively insufficiently humane condition sufficient to violate the Eighth Amendment. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). In reaching this finding, the Ninth Circuit noted the following several cases which held that minor safety hazards did not violate the Eighth Amendment. Id. In Tunstall v. Rowe, 478 F.Supp. 87, 89 (N.D. Ill. 1979),

the existence of a greasy staircase which caused a prisoner to slip and fall and injure his back did not state a constitutional claim under the Eighth Amendment because prison officials are not under a constitutional duty to assure that prison stairs are not greasy. In <u>Snyder v. Blankenship</u>, 473 F.Supp. 1208, 1212 (W.D. Va. 1979), the failure to repair a leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, injuring his back, did not violate the Eighth Amendment as "a slip and fall injury is not comparable to a prison-related injury, such as harm caused by the assault of fellow inmates, for example." In <u>Robinson v. Cuyler</u>, 511 F.Supp. 161, 163 (E.D. Pa. 1981), the court found that where a prisoner slipped on a wet floor and was burned by the contents of an overturned pot an Eighth Amendment violation was not stated as "[a] slippery kitchen floor does not inflict 'cruel and unusual punishments.'" In <u>Osolinski</u>, the Ninth Circuit distinguished the facts of a Second Circuit case, <u>Gill v. Mooney</u>, 824 F.2d 192, 195 (2nd Cir. 1987), wherein the plaintiff survived a motion to dismiss on a claim of an Eighth Amendment violation, where plaintiff averred that defendant had ordered him to continue working on a ladder after plaintiff had told him it was unsafe, because "[t]he order to remain on the ladder in <u>Gill</u> exacerbated the inherent dangerousness of the defective ladder, rendering the ladder a serious safety hazard, akin to those found in <u>Hoptowit</u>."

Further, the Ninth Circuit has stated flatly that slippery prison floors do not set forth a constitutional violation. <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 641 (9th Cir. 1989)(superseded on another ground)(inmate's complaint about slippery prison floors does not state even an arguable Eighth Amendment violation), citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981).

The allegations in the complaint fail to state a claim for an Eighth Amendment violation. Plaintiff contends that defendants should have known of the danger to Plaintiff, and failed to act according to protocol. Such allegations fail to state a claim for relief. Plaintiff must allege facts to support his conclusory allegations that defendants were deliberately indifferent to Plaintiff's safety. This claim should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint to correct this deficiency.

**B.   Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

5

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague. Although Plaintiff sets forth generalized allegations regarding his health care, and names individual defendants, he fails to link each individual defendant with specific conduct indicating that they knew of an objectively serious risk to Plaintiff's health, and disregarded that risk. Plaintiff does allege that his condition was improperly treated, and alleges that he suffers permanent injury as a result of the conduct of medical staff in general. In order to hold each individual defendant liable, however, Plaintiff must charge each individual defendant with conduct that constitutes deliberate indifference as that term is defined above.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection

6

can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 16, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE